GONZALO LEBRÓN SOTOMAYOR, demandante y recurrente, *v.* JUNTA DE PERSONAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandada y recurrida.

*Número:* O-70-116      *Resuelto:* 18 de octubre de 1971

*Luis Muñoz Rivera,* abogado del recurrente; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de la recurrida.

PER CURIAM: El señor Gonzalo Lebrón Sotomayor ocupaba un puesto de Supervisor de Recreación II en la Administración de Parques y Recreo Públicos de Puerto Rico. La autoridad nominadora le concedió vacaciones en base a un Certificado Médico con fecha de 17 de febrero de 1969. Dicho certificado era a los efectos de que el empleado continuaría bajo tratamiento por una afección renal que padecía y que se le seguiría dando tratamiento por 15 ó 20 días más, dándosele cita para el día 3 de marzo de 1969, fecha en que se le daría de alta si había recuperado.

El empleado no se presentó a su trabajo hasta el día 14 de marzo de 1969.

El día 13 de marzo el recurrente fue destituido por la Administración de Parques y Recreo Públicos. La acción tomada por la autoridad nominadora tuvo como base un cargo imputando al señor Lebrón Sotomayor "abandono del servicio." Dicho cargo estuvo formulado en los siguientes términos:

". . . usted se encuentra ausente sin autorización de su trabajo. El Certificado Médico presentado por usted era hasta el día 3 de marzo de 1969 y hasta el día de hoy usted no se ha vuelto a

comunicar con la Agencia violando así el Inciso 3.34 del Capítulo IV del Manual Administrativo. Tal acción constituye un abandono del servicio."

La disposición reglamentaria pertinente dispone:

"Incurrirá en abandono del servicio todo empleado que permanezca ausente de su trabajo durante 5 días consecutivos, sin autorización de la autoridad nominadora. Tal abandono del servicio será causa justificada para que la autoridad nominadora suspenda o destituya al empleado." 3 R.&R.P.R. sec. 647–202.

Se desprende del Certificado Médico sometido en evidencia, con fecha de 17 de marzo de 1969, que el recurrente fue visto por su médico el día 3 de marzo y que su médico le continuó dando tratamiento ambulatorio por 15 días más, al finalizar los cuales se le dio de alta para regresar a su trabajo. Es decir, que el 18 de marzo de 1969 el empleado estaba en condiciones de salud satisfactorias para reintegrarse a sus labores en la Administración de Parques y Recreo Públicos.

El día 20 de marzo de 1969 el señor Lebrón Sotomayor apeló su destitución ante la Junta de Personal de Puerto Rico. El 11 de agosto de 1969, la Junta de Personal emitió su resolución en la cual, con un voto disidente, confirmó la destitución del señor Gonzalo Lebrón Sotomayor.

El 25 de agosto de 1969, el recurrente solicitó revisión ante el Tribunal Superior, Sala de San Juan. Por sentencia del 17 de abril de 1970, el Tribunal Superior confirmó la resolución de la Junta de Personal.

El agraviado recurre a este Tribunal por vía de *certiorari*.

Tanto las determinaciones de la Junta de Personal como del Tribunal Superior se basan en que, dados los hechos del presente caso, la falta cometida por el empleado constituye "abandono del servicio." Dicha conclusión nos parece errónea aun cuando aceptamos las determinaciones de hecho de la Junta de Personal.

El señor Lebrón Sotomayor estuvo enfermo y bajo tratamiento médico y la ausencia a su trabajo se debió a esa enfermedad y tratamiento, no a negligencia de su parte en el

desempeño de su cargo ni a intención formada por él, ni a despreocupación negligente de ausentarse del desempeño de sus obligaciones. Es cierto que el empleado no notificó a su patrono que continuaba bajo tratamiento médico con posterioridad al día 3 de marzo de 1969. Su falta consistió en no informar a su patrono por anticipado la razón de sus ausencias. Sin embargo, el Certificado Médico del 17 de febrero de 1969 es suficientemente claro como para no dejar lugar a duda de que era posible que el 3 de marzo no se le diera de alta al paciente si éste no había recuperado. Y el segundo Certificado Médico con fecha de 17 de marzo de 1969 explica la razón de las ausencias del señor Lebrón Sotomayor.

Es insostenible la conclusión del Tribunal Superior y de la Junta de Personal de que las ausencias de este empleado, motivadas por razones de salud, constituyen abandono del servicio por el solo hecho de no haber sido notificadas a su patrono con anticipación. La sección 647–202 del Título 3 de las Reglas y Reglamentos de Puerto Rico lo que contempla como constitutivo de abandono del servicio son ausencias no autorizadas de carácter vicioso, sin justificación razonable y no cualquier tipo de ausencia. La interpretación de esa disposición reglamentaria hecha por la Junta de Personal y el Tribunal Superior conflije con el espíritu de la Ley de Personal de Gobierno. La destitución de un empleado bajo la Ley de Personal es una medida disciplinaria drástica en sus efectos y alcance, si se tiene en cuenta que la Ley autoriza al Director a rechazar una solicitud de admisión a examen o eliminar el nombre del registro, o a negarse a certificar el nombre de cualquier persona que ha sido despedida del servicio público (3 L.P.R.A. sec. 655); y que el Reglamento (3 R.&R.P.R. sec. 647–203) dispone que cualquier empleado destituido de su puesto en el Servicio Estatal podrá ser considerado como inelegible para nombramiento en puestos del Servicio por Oposición y del Servicio sin Oposición. Como se

sostuvo en *Arcelay Rivera* v. *Superintendente Policía*, 95 D.P.R. 211 (1967), a la pág. 225:

"El que el recurrente quede inelegible para cargo alguno en el gobierno, o para aspirarlo, es un hecho bastante serio y perjudicial, en comparación con su conducta."

■ Concluimos que la falta cometida por el empleado en este caso por no haber informado a sus superiores de su condición física y de que continuaba bajo tratamiento no es de tal gravedad como para justificar su destitución. Sin embargo, no debemos pasar por alto el hecho de que el recurrente infringió una norma básica de conducta que le debía a sus superiores en bien del servicio público. Su falta es reprobable; su condición física no era tal que la excusase. Una llamada, un telegrama o mensaje a través de un familiar no es mucho exigir considerando la perturbación que el no hacerlo puede ocasionar al servicio. Para tales violaciones el poder nominador puede censurar al empleado y apercibirle que medidas disciplinarias más severas como la suspensión temporal, y aun la destitución, se habrán de utilizar de repetirse esa conducta.

Por las razones anteriormente expuesta, *se revocará la sentencia del Tribunal Superior, Sala de San Juan, de fecha 17, de abril de 1970. En su lugar, se ordenará la restitución de Gonzalo Lebrón Sotomayor a su cargo de Supervisor de Recreación II con el correspondiente pago de los salarios dejados de percibir por éste desde su destitución.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Dávila no intervinieron.