CARLOS CANDELARIO MUÑIZ, peticionario, *v.* TRIBUNAL SUPE-
RIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. HÉCTOR
A. COLÓN CRUZ, JUEZ, demandado; MILTON ZAPATA,
interventor.

*Número*: O-71-304      *Resuelto*: 9 de enero de 1973

*Enrique Rivera Santana,* abogado del peticionario; *Gilberto Gierbolini, Procurador General,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Recurre el peticionario de la sentencia dictada por el tribunal de instancia que revoca una resolución de 4 de agosto de 1969 de la Junta de Personal que desestimó los cargos formulados por el interventor en contra del peticionario porque (1) al formularse los cargos hacía 48 días que el peticionario había presentado su renuncia y no se actuó sobre la misma de manera que en derecho la renuncia se había aceptado antes de formularse los cargos y (2) no procedía dar efecto retroactivo a la destitución. El tribunal de instancia concluyó que la Junta incidió al interpretar la Sec. 31 de la Ley de Personal y al enmendar impropiamente la Regla 647–201 de las Reglas de Personal del Gobierno.

Para un mejor entendimiento de las dos cuestiones envueltas es necesario resumir los hechos del caso los que, no obstante no haberse elevado la transcripción de la vista ante la Junta y la prueba documental aducida en la misma, se relacionan por el Procurador General sin objeción del peticionario. Son los siguientes:

"Carlos Candelario Muñiz se desempeñaba como Especialista en Técnica Comercial III en el Departamento de Comercio del Estado Libre Asociado de Puerto Rico. El día 28 de febrero de 1969, previa formulación de cargos, que se acompaña y se hace formar parte de esta oposición, el Secretario de Comercio lo destituyó de dicho puesto por abandono de servicio, bajo la autoridad concedida por la Sec. 31 de la Ley Núm. 345 de 12 de mayo de 1947 (3 L.P.R.A. secs. 641–678). La efectividad de dicha destitución se hizo retroactiva al día 10 de diciembre de 1968, fecha en la cual el recurrente abandonó el servicio.

A dicho recurrente se le imputó haber estado ausente sin autorización alguna a partir del 10 de diciembre de 1968, en cuya fecha tenía que reintegrarse, luego de habérsele autorizado licencia anual por vacaciones desde el 1ro. de noviembre hasta el 9 de diciembre de 1968, inclusive.

El día *10 de enero de 1969*, el recurrente presentó la renuncia del puesto que ocupaba en documento fechado *9 de diciembre de*

*1968.* Este hecho se estipuló como cierto, entre otros, a solicitud de la autoridad nominadora en la vista administrativa celebrada durante los días 18 y 25 de junio de 1969 ante la Junta de Personal del Estado Libre Asociado de Puerto Rico, en adelante denominada 'La Junta'. (Énfasis en el original.)

Con fecha 4 de agosto de 1969 la Junta expidió resolución desestimando los cargos formulados contra el recurrente y fijando el día *25 de enero de 1969* la fecha en la cual éste cesó como empleado del Departamento de Comercio. (Énfasis en el original.)

Resumiendo, la Junta concluyó que una autoridad nominadora no puede hacer una destitución con efecto retroactivo por estar ésta en la obligación de tomar acción positiva dentro de un período de quince (15) días, una vez le sea presentada la renuncia por un empleado."

Según el Procurador General, a partir del 10 de diciembre de 1968 y hasta el 10 de enero de 1969 el peticionario ". . . estuvo trabajando en la Vaquería Tres Monjitas con un sueldo de $600 mensuales aproximadamente. En repetidas ocasiones se le requirió inútilmente que presentara certificado médico que justificara su abandono de servicio. Consciente de la investigación que estaba llevando a cabo la autoridad nominadora, presentó una carta de renuncia el día 10 de enero de 1969 fechándola 9 de diciembre de 1968."

La Sec. 31 de la Ley de Personal (3 L.P.R.A. sec. 671) dispone, en parte, que:

"(a) Los funcionarios y empleados regulares en el Servicio por Oposición sólo podrán ser destituidos por justa causa, y previa formulación de cargos.

Para la destitución de un funcionario o empleado regular en el Servicio por Oposición, según antes se dispone, se seguirá el siguiente procedimiento:

En adición a los procedimientos que se establezcan en las reglas de la Junta con respecto a querellas y medidas disciplinarias, la autoridad nominadora tendrá derecho a destituir a cualquier funcionario o empleado regular dentro del Servicio por Oposición previa formulación de cargos, debiendo la autoridad

nominadora dirigir al empleado o funcionario en cuestión un escrito expresando las causas o fundamentos de los mismos. La autoridad nominadora someterá una copia de este escrito al Director.

Un funcionario o empleado regular en el Servicio por Oposición podrá apelar ante la Junta de la actuación de la autoridad nominadora decretando su destitución dentro del término de diez (10) días a partir de la notificación. La Junta verá el caso en apelación con audiencia de las partes y deberá dictar resolución dentro de los diez (10) días siguientes a la vista. La autoridad nominadora, con la autorización del Director, podrá cubrir el puesto, si así conviene al servicio, con un nombramiento provisional hasta tanto se resuelva en definitiva el recurso de apelación del funcionario o empleado destituido."

Las Secs. 647–201 y 202 de las Reglas de Personal (3 R.&R.P.R. secs. 647–201 y 647–202) disponen lo siguiente:

*Sección 201.*

"Todo empleado que desee renunciar su puesto deberá presentar su renuncia por escrito a la autoridad nominadora con no menos de 15 días de antelación a su último día de trabajo. La autoridad nominadora, sin embargo, podrá aceptar renuncias presentadas con un plazo más breve de antelación."

*Sección 202.*

"Incurrirá en abandono de servicio todo empleado que permanezca ausente de su trabajo durante 5 días consecutivos, sin autorización de la autoridad nominadora. Tal abandono del servicio será causa justificada para que la autoridad nominadora suspenda o destituya al empleado."

Apunta el peticionario que al hacer el interventor la destitución del peticionario retroactiva al 10 de diciembre de 1968 violó lo dispuesto en la referida Sec. 31 ya que una destitución retroactiva a la fecha en que se formularon los cargos (28 de febrero de 1969) equivale a una destitución sin la previa formulación de cargos.

Arguye el peticionario, además, que habiéndose presentado la renuncia del peticionario en 10 de enero de 1969, y no

habiendo actuado el interventor con respecto a la misma dentro de los siguientes 15 días, el peticionario cesó como empleado el día 25 de enero de 1969, de manera que cuando se le formularon los cargos en 28 de febrero de 1969 ya él no era empleado del referido Departamento de Comercio por lo que no procedía que se le formularan cargos.

Discutiremos el primer apuntamiento del peticionario primeramente, pues, como tiene razón en cuanto al mismo, se hace innecesario considerar y resolver la cuestión de retroactividad planteada en el segundo.

■ Contrario al caso de los funcionarios públicos, las renuncias de los cuales tienen que ser aceptadas para que queden vacantes sus cargos (3 L.P.R.A. secs. 555 y 556), en el caso de los demás empleados del gobierno nada se dispone en la Ley de Personal sobre alguna acción a tomar con respecto a sus renuncias. Es en el Reglamento promulgado por la Junta de Personal que se dispone que las renuncias deberán radicarse *con no menos de 15 días de antelación al último día de trabajo.* Nada se ha dispuesto al efecto de que dicha renuncia tenga que ser aceptada para ser efectiva, excepto que la renuncia puede ser aceptada "en un plazo más breve de antelación" o sea, antes de los referidos 15 días. Tampoco se ha dispuesto, por supuesto, término alguno para tomar la acción positiva de aceptar la renuncia.

No es lógico suponer que una persona que renuncia un puesto bajo la Ley de Personal venga obligada indefinidamente a continuar ejerciéndolo hasta que se le acepte la renuncia. De ser así la norma de derecho, la persona renunciante en efecto quedaría obligada a continuar ejerciendo el cargo en contra de su voluntad, pues de no hacerlo corre el riesgo de ser destituída por haberlo abandonado, destitución que conlleva inelegibilidad para nombramiento en puestos de Servicio por Oposición y del Servicio sin Oposición. *Lebrón Sotomayor* v. *Junta de Personal,* 100 D.P.R. 164 (1971).

■ Concluimos que la interpretación razonable de la Regla 647–201 es que el renunciante cesa en el cargo a la expiración de 15 días de radicada su renuncia pues ese es, de acuerdo con dicha Regla, ". . . *su último día de trabajo.*" (Énfasis suplido.)

Esto no quiere decir que se pueda perpetuar en el servicio público a personas que no son acreedoras a ello o que mediante tal renuncia un empleado pueda evadir una investigación dirigida a la formulación de cargos que, de ser probados, resultarían en su destitución.

■ Convenimos con la Junta que esto se puede evitar, y particularmente se pudo evitar en el caso ante nos en el cual el peticionario estaba bajo investigación por el abandono de su cargo desde antes de presentar la renuncia, mediante el ejercicio de la facultad inherente en el funcionario que tiene el poder de llenar la plaza o cargo, de informar, dentro del referido plazo de 15 días, que rechaza la renuncia porque existen razones que justifican investigar la conducta del renunciante, debiendo limitarse el plazo de dicho rechazo a un término razonable dentro del cual se inicie y finalice la investigación y se haga la determinación de aceptar la renuncia o proceder a la formulación de los cargos. *People* v. *Kerner,* 167 N.E.2d 555, 558 (Ill. 1960).

En vista de lo expuesto, *debe revocarse la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 24 de noviembre de 1971, y dictarse otra en su lugar confirmando el dictamen de la Junta de Personal de 4 de agosto de 1969 que desestimó los cargos formulados en contra del peticionario.*

El Juez Asociado Señor Torres Rigual concurre en el resultado.