EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Energía Eléctrica de Puerto Rico<br><br>Recurrida<br><br>vs.<br><br>Carlos A. López Ruiz<br><br>Peticionario | Certiorari<br><br>2007 TSPR 30<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2006-1135

Fecha: 21 de febrero de 2007

Tribunal de Apelaciones:

> Región Judicial de San Juan-Panel I

Juez Ponente:

> Hon. Carlos J. López Feliciano

Abogado de la Parte Peticionaria:

> Lcdo. Pedro E. Ortiz Alvarez

Abogado de la Parte Recurrida:

> Lcdo. Francisco Santos Rivera

Materia: Procedimiento Disciplinario

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autoridad de Energía
Eléctrica de Puerto Rico

    Recurrida

         vs.                   CC-2006-1135      Certiorari

Carlos A. López Ruiz

    Peticionario

RESOLUCIÓN

San Juan, Puerto Rico, a 21 de febrero de 2007.

A la petición de *certiorari* presentada en este caso, no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri expediría y emitió un voto disidente. Los Jueces Asociados señores Rebollo López y Rivera Pérez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Autoridad de Energía Eléctrica
de Puerto Rico

    Recurrida

        vs.                 CC-2005-1135        Certiorari

Carlos A. López Ruiz

    Peticionario

Voto Disidente emitido por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 21 de febrero de 2007.

Reducido a sus hechos esenciales, el caso de autos trata sobre un empleado de la Autoridad de Energía Eléctrica de Puerto Rico (en adelante AEE), que se había desempeñado durante nueve años en un cargo gerencial regular de esa entidad. El 29 de enero de 2004 el empleado referido solicitó una licencia médico familiar, acompañada de la correspondiente certificación médica, con el propósito de ausentarse de su empleo por algún tiempo a los fines de dedicarse a cuidar a su señora madre, la cual se encontraba gravemente enferma padeciendo de cáncer del seno.

Debido a la urgencia de la enfermedad de su madre, el empleado referido comenzó a ausentarse de

su trabajo en la AEE a partir del 4 de febrero de 2004, sin esperar más por la respuesta a la solicitud de licencia aludida antes.

Así las cosas, el empleado estuvo ausente de su empleo por espacio de cincuenta y dos días, al cabo de cuyo término fue despedido de su cargo por haber incurrido alegadamente en un **"abandono del empleo"**.

Hoy una mayoría de este Tribunal confirma el despido referido. Ello, a pesar de la clara jurisprudencia de este Tribunal mediante la cual se ha resuelto antes que la destitución de un empleado público es un **"castigo extremo"** que procede únicamente cuando la falta de dicho empleado es de eminente gravedad. En efecto, hemos resuelto antes que el despido de un empleado público por "abandono del trabajo" se justifica únicamente cuando la ausencia del empleado es **"de carácter vicioso"** y **"sin justificación razonable"**. Véase, Rodrigo v. Tribunal Superior, 101 D.P.R. 151 (1973); Lebrón v. Junta de Personal, 100 D.P.R. 164 (1971).

A la luz de la jurisprudencia referida es claro que el empleado en el caso de autos no podía ser destituido de su cargo. No podía imponérsele el castigo en extremo drástico del despido. De ninguna forma puede considerarse que las ausencias del empleado que aquí nos concierne fueron **"de carácter vicioso"** y **"sin justificación razonable"**. Por el contrario, dichas ausencias estuvieron motivadas por una razón muy válida y comprensible, que era la grave enfermedad de su madre.

A lo anterior, hay que añadir, además, que la actuación de la AEE aquí fue probablemente **ilegal** y que el empleado en cuestión **tenía derecho a la licencia solicitada**. Ello, en virtud de lo dispuesto por el *Medical and Family Leave Act*, una ley federal aprobada hace algunos años que establece el derecho a una licencia laboral de hasta doce semanas sin paga, para que un empleado pueda atender su propia condición seria de salud o la de su cónyuge, hijos **o padres**. Véase, 29 USC 2601 *et seq*.

Como la mayoría del Tribunal en este caso se aparta arbitrariamente de lo pautado por nuestra propia jurisprudencia, y además, hace caso omiso de lo ordenado por una ley federal, ratificando así lo que es para mí una clara injusticia y un acto ilícito, yo disiento.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO