*362 Voto disidente emitido por el
Juez Asociado Señor Fuster Berlingeri.
Reducido a sus hechos esenciales, el caso de autos trata sobre un empleado de la Autoridad de Energía Eléctrica de Puerto Rico (AEE) que se había desempeñado durante nueve años en un cargo gerencial regular de esa entidad. El 29 de enero de 2004, ese empleado solicitó una licencia médico-familiar, acompañada de la certificación médica correspondiente, con el propósito de ausentarse de su empleo por algún tiempo, a los fines de dedicarse a cuidar a su señora madre, quien se encontraba gravemente enferma padeciendo de cáncer del seno.
Debido a la urgencia de la enfermedad de su madre, el empleado referido comenzó a ausentarse de su trabajo en la AEE a partir del 4 de febrero de 2004, sin esperar más por la respuesta a la solicitud de licencia aludida antes. Así las cosas, el empleado estuvo ausente de su empleo por espacio de cincuenta y dos días. Al cabo de ese término fue despedido de su cargo por haber incurrido alegadamente en un “abandono del empleo”.
Hoy una mayoría de este Tribunal confirma el despido referido. Ello, a pesar de la clara jurisprudencia de este Tribunal, mediante la cual se ha resuelto que la destitución de un empleado público es un “castigo extremo” que procede únicamente cuando la falta de dicho empleado es de eminente gravedad. En efecto, hemos resuelto que el despido de un empleado público por “abandono del trabajo” se justifica únicamente cuando la ausencia del empleado es “de carácter vicioso” y “sin justificación razonable”. Véanse: Rodrigo v. Tribunal Superior, 101 D.P.R. 151 (1973); Lebrón v. Junta de Personal, 100 D.P.R. 164 (1971).
A la luz de la jurisprudencia referida es claro que el empleado en el caso de autos no podía ser destituido de su cargo. No podía imponérsele el castigo en extremo drástico *363 del despido. De ninguna forma puede considerarse que las ausencias del empleado que aquí nos concierne fueron “de carácter vicioso” y “sin justificación razonable”. Por el contrario, dichas ausencias estuvieron motivadas por una razón muy válida y comprensible, que era la grave enfermedad de su madre. A lo anterior hay que añadir, además, que la actuación de la AEE aquí fue probablemente ilegal y que el empleado en cuestión tenía derecho a la licencia solicitada. Ello en virtud de lo dispuesto por el Medical and Family Leave Act, una ley federal aprobada hace algunos años que establece el derecho a una licencia laboral de hasta doce semanas sin paga, para que un empleado pueda atender su propia condición seria de salud o la de su cónyuge, hijos o padres. Véase 29 U.S.C.A. see. 2601 et seq.
Como la mayoría del Tribunal en este caso se aparta arbitrariamente de lo pautado por nuestra propia jurisprudencia y, además, hace caso omiso de lo ordenado por una ley federal, ratificando así lo que es para mí una clara injusticia y un acto ilícito, yo disiento.